IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:15-CR-114-2 |
| | § | |
| MARY COLLIER | § | |

# REPORT AND RECOMMENDATION ON
# THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On September 17, 2015, the court ordered a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. (Doc. No. 22.) The Defendant was subsequently evaluated by Tiffany K. Brown, Psy.D., Licensed Forensic Psychologist at the Metropolitan Detention Center in Los Angeles, California.

The psychiatric report concludes that "although there is evidence to indicate Ms. Collier met criteria for the diagnosis of a personality disorder and posttraumatic stress disorder, the signs or symptoms do not impair her present ability to understand the nature and consequences of the court proceedings against her, or her ability to properly assist counsel in her defense." (Doc. No. 38, p. 27.) Dr. Brown concluded that Collier is competent to proceed to trial.

A competency hearing was conducted on February 3, 2016. At the hearing, the Defendant appeared in court with her counsel, John McElroy. Mr. McElroy did not present any

objections to Dr. Brown's opinions on her competency. Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal.

The undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense. The Defendant has a rational and factual understanding of the proceeding against her, and has sufficient present ability to consult with her attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402 (1960)

## RECOMMENDATION

The court should find the Defendant competent to stand trial because she understands the nature and consequences of the proceeding against her and is able to assist in her defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from September 14, 2015 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and

recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of February, 2016.

_____
Zack Hawthorn
United States Magistrate Judge